UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROSA MARIA FLORES,<br><br>   Plaintiff,<br><br>v.<br><br>ERNESTO FLORES ANGUIANO,<br><br>   Defendant.<br><br>———————————————<br><br>ERNESTO FLORES ANGUIANO,<br><br>   Third-Party Plaintiff,<br><br>v.<br><br>ROCIO BROWN,<br><br>   Third-Party Defendant. | Case No. 4:22-cv-00498-DCN<br><br><br><br><br><br><br><br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

In the Court's recent Memorandum Decision and Order (the "Order"), it granted partial summary judgment to Defendant and Third-Party Plaintiff Ernesto Flores Anguiano and partial summary judgment to Plaintiff Rosa Maria Flores. Dkt. 72, at 18. However, the Court found that, in order to calculate the damages owed by Ernesto to

Rosa, it would need Rosa and Ernesto to provide additional information. *Id.* at 16–18. The Court having received the requested information, it is now able to calculate damages and enter judgment.

## II. BACKGROUND

In the Order, the Court fully set forth the factual and procedural background of this case. *Id.* at 2–4. That background is incorporated here by reference. At the end of the Order, the Court held that Ernesto's and Rocio's obligations under the I-864 Affidavit of Support terminated on October 1, 2018. *Id.* at 16. Ernesto and Rosa do not dispute that they separated in August of 2018. This means that between that separation and October 1, 2018, Ernesto and Rocio had a joint obligation to maintain Rosa at or above 125 percent of the federal poverty line. The Court requested additional information from Rosa and Ernesto to determine: (1) the exact date of their separation, and (2) whether Rosa earned any income during the period in question that might offset the Court's damages calculation. *Id.* at 17–18.[1]

In response to the Court's request, Rosa submitted a Supplemental Filing showing that, during 2018, she earned a total of $1,969. Dkt. 75, at 2. She was unable, however, to identify the months in which she earned her income. *Id.* She also failed to identify the date on which she and Ernesto separated. As directed, Ernesto submitted a short Response to Rosa's Supplemental Filing, asserting that he and Rosa separated on or about August 31,

---

[1] The Court briefly notes here, as it did in the Order, that while Ernesto and Rocio both signed an I-864 Affidavit of Support, Rosa has chosen to sue only Ernesto for breach thereunder. Rosa is free to do so because I-864 sponsors may be held severally liable for damages. Nevertheless, because sponsors are also jointly liable, Ernesto may seek contribution from Rocio for any damages he is found to owe. *See* Dkt. 72, at 16–17.

MEMORANDUM DECISION AND ORDER - 2

2018, and arguing that Rosa earned more than 125 percent of the federal poverty line during September. *See generally* Dkt. 76.

### III. ANALYSIS

#### A. Date of Separation

Ernesto makes three arguments in support of his assertion that he and Rosa separated on or about August 31, 2018. First, he points to Rosa's initial complaint, which requests damages starting in September 2018. *Id.* at 1–2. He contends, generally, that a request for damages beginning in September is an acknowledgement that there were no damages in August. *Id.* Second, Ernesto provides evidence that he began paying child support in September 2018. *Id.* at 2. Though his argument is not explicit, the implication from this evidence is, had Ernesto left in August, he would have started paying child support in August. Finally, Ernesto introduces an affidavit in which he states, "the last day [he and Rosa] lived together was August 31, 2018." Dkt. 77, at 1.

Rosa has introduced no evidence to contradict Ernesto's assertions regarding the date of separation. Accordingly, the Court is satisfied that the parties separated on August 31, 2018.

#### B. Rosa's Earnings

To determine the damages Ernesto owes to Rosa, "the Court must calculate [Rosa's] income and then reduce that income from the 125 percent poverty threshold amount for the relevant period." *Flores v. Flores*, 590 F. Supp. 3d 1373, 1380 (W.D. Wash. 2022). The parties do not dispute that the federal poverty line for a household of one in 2018 was $12,140 per year. This means that the poverty line for monthly earnings was $1,011.67—or $12,140

divided by twelve. One hundred and twenty-five percent of $1,011.67 is $1,264.59. Thus, Ernesto had an obligation under the I-864 to ensure that Rosa's income met or exceeded $1,264.59 during September of 2018.

It is undisputed that Rosa earned $1,969 in 2018. However, she is unable to determine how much of that income was earned during the month of September—the "relevant period" for present purposes. Ernesto contends that, because Rosa cannot prove her earnings during September, the Court is required to assume that her entire annual income in 2018 was earned in September. Dkt. 76, at 2–3. Because $1,969 is greater than $1,264.59, such a finding would absolve Ernesto of any obligation to pay damages.

The Court agrees with Ernesto. "When ruling on a summary judgment motion, the court must view the facts and draw all reasonable inferences in the light most favorable to the non-moving party." *Scott v. Harris*, 550 U.S. 372, 378 (2007). This supplemental material is part and parcel to the Court's ruling on summary judgment and those standards still apply. Here, it is a fact that Rosa earned $1,969 in 2018. If the Court is to view these earnings in the light most favorable to Ernesto and give him the benefit of all reasonable inferences, it must conclude that the entirety of Rosa's income in 2018 was earned in September.[2] This means that her earnings during that month surpassed 125 percent of the federal poverty line. Therefore, Ernesto may not be held liable for any damages under the I-864 for the month of September.

---

[2] While this conclusion may not be the most likely scenario, it is not unreasonable. Further, Rosa was given an opportunity to provide evidence to foreclose this conclusion. Dkt. 72, at 17–18. She did not.

### C. Contribution from Rocio

As a final matter, where Ernesto owes no damages to Rosa under his I-864, Rocio is not obligated to make any contributory payment to Ernesto. Therefore, Ernesto's Third-Party Complaint against Rocio is DISMISSED as MOOT.

### IV. CONCLUSION

The Court finds that Ernesto and Rosa separated on August 31, 2018. Because Ernesto's and Rocio's obligations under the I-864 did not terminate until October 1, 2018, they had a joint contractual obligation to ensure that Rosa's income met or exceeded 125 percent of the federal poverty line during the full month of September 2018.

Rosa has shown that her total income in 2018 was $1,969. However, she did not show how much of that income was earned in the month of September. In construing these facts in a light most favorable to Ernesto, the Court must conclude that *all* of Rosa's 2018 income was earned in September. Because $1,969 exceeds 125 percent of the federal poverty line, the Court finds that Ernesto did not violate the terms of his I-864 during September 2018. As discussed in the Order, his obligations under the I-864 terminated on October 1, 2018. Further, because Ernesto does not owe Rosa any damages, Rocio does not owe Ernesto any contribution.

### V. ORDER

The Court HEREBY ORDERS:

1. Ernesto owes no damages under the I-864 Affidavit of Support.

2. Because Ernesto owes no damages under the I-864 Affidavit of Support, his third-party complaint against Rocio is DISMISSED as MOOT.

MEMORANDUM DECISION AND ORDER - 5

3. This case is CLOSED.

DATED: January 22, 2024

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6